UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**

**HENRY BADAAN**  Case No. 8:24-bk-2048-RAC
                                              Chapter 13

**Debtor,**
_____/

**EMERGENCY MOTION FOR RELIEF FROM STAY
AND REQUEST FOR EXPEDITED CONSIDERATION**

Creditor, Randy Freedman ("Freedman"), pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001, and other applicable law, respectfully moves the Court for relief from the automatic stay of a pending state court case between Freedman and the debtor, Henry Badaan ("Badaan"), that is set for a non-jury trial to commence today on **April 15, 2024**. *See Freedman v. Badaan*, Case No. 21-CA-5298, Doc. 562 (13th Judicial Cir., Hillsborough Cnty.) [hereinafter "State Case"]; *see also* **Exhibit 1**, Uniform Order Setting Cause for Trial and Pre-Trial (Non-Jury Trial).

The relief from stay is necessary to allow the parties to conduct the trial in the State Case set for today. The bankers boxes of exhibits have been delivered to the state court, the parties have spent substantial time preparing the case for trial, and after nearly three years of litigation, the case is ripe for resolution. The trial will resolve issues relating to entitlement and the amount of Freedman's claims for compensatory damages and punitive damages against Badaan.

If the parties sound familiar to the Court, it is because this is not the first time

1

that this Court has been asked to grant Freedman relief from the automatic stay. *See In re Badaan*, 24-BK-197-RAC, Doc. 19, Amended Motion for Stay (M.D. Fla. Bankr.). Badaan previously filed bankruptcy just three months ago on January 16, 2024. In that case, the Court granted Freedman's request for relief from the automatic stay. *See In re Badaan*, 24-BK-197-RAC, Doc. 28. Badaan twice asked this Court to reinstate the stay, and Badaan's requests were denied. *See In re Badaan*, 24-BK-197-RAC, Docs. 37, 39-40, 52, 53.

After Badaan's multiple attempts to stay the State Case were denied, Badaan voluntarily dismissed his first bankruptcy petition. *In re Badaan*, 24-BK-197-RAC, Doc. 59, Notice of Voluntary Dismissal. It is, of course, no coincidence that Badaan re-filed for bankruptcy the day before the trial in the State Case was set to commence. Minutes before midnight the day before trial, Badaan then filed a Suggestion of Bankruptcy in the State Case. *See Freedman v. Badaan*, Case No. 21-CA-5298, Doc. 580. The timing of Badaan's most recent bankruptcy petition is telling. The petition is a transparent tactic to delay the trial, which needlessly consumes the parties resources and both this Court's time and the state court's time.

The circumstances since the Court's prior rulings now weigh even stronger in favor of granting relief from the stay. This case is at an even more advanced stage with trial set to commence. As discussed below, the state court is the proper forum to resolve these issues given that the case has been pending in Hillsborough County Circuit Court before the Honorable Judge Darren F. Farfante for nearly three years. Judge Farfante has conducted more than a two dozen hearings in the case and

2

decided dispositive motions on four counts brought by Freedman and nine of Badaan's affirmative defenses. Given the very advance stage of the state court proceedings and the state court's familiarity with the case, the state court is the most suitable forum to efficiently rule upon Freedman's claims.

## I.   BACKGROUND

1. In January 2017, Freedman and Badaan started a business together called Big Cat Gear, LLC ("Big Cat") for the purpose of selling decorative firearm grip covers that attach to the handles of firearms. *See* **Exhibit 2** at ¶ 4, Declaration of Jeff Fabian, Counsel for Freedman in the State Case ("Fabian Decl.").

2. In June 2021, Freedman filed suit against Badaan after discovering that Badaan was selling firearm grips in competition with Big Cat through more than a dozen different business entities, fictitious names, and online seller accounts Badaan that owned, including Cander Trade, LLC and Badaan&Co., LLC, among others. ("Competing Businesses"). *Id.* ¶ 5. Freedman also alleges that Badaan appropriated Big Cat funds and property for himself without accounting to Freedman. *Id.* ¶ 6.

3. In the State Case, Freedman asserted seven counts against Badaan and Big Cat, including counts for breach of the duty of loyalty against Badaan (Count II), usurpation of corporate opportunity (Count III), and fraudulent misrepresentation against Badaan (Count IV). *See id.* ¶ 11 & Ex. A.

4. Freedman and Badaan actively litigated the State Case for almost three years before Badaan filed a Suggestion of Bankruptcy on January 16, 2024.

3

*See Freedman v. Badaan*, Doc. 509 (Jan. 16, 2024). The State Case docket currently spans close to 600 entries. *See* Fabian Decl. ¶ 12 & Ex. F.

5. Freedman then filed his Motion for Relief from the Automatic Stay in the bankruptcy court. *In re Henry Badaan*, Case No. 8:24-bk-197-RAC, Doc. 19.

6. On February 8, 2024, the bankruptcy court conducted a hearing on Freedman's Motion for Relief from the Automatic Stay, and granted relief from stay from the bench. On February 13, 2024, the bankruptcy court entered its Order Granting Amended Motion for Relief from Stay. *Id.* at Doc. 28.

7. Dissatisfied with the bankruptcy court's ruling, Badaan filed an Emergency Motion for Contempt against the undersigned for allegedly violating the automatic stay and a request to reinstate the automatic stay. *Id.* at Doc. 37. Freedman filed a motion to confirm that the stay was still lifted, and the bankruptcy court granted Freedman's motion on Feb. 27, 2024 confirming that the State Case could proceed. *Id.* at Docs. 39-40.

8. Still dissatisfied with the result, Badaan once again moved this Court reinstate the stay as to this litigation. *Id.* Docs. 52, 53. This Court denied Badaan's second attempt block the State Case. *See id*. Doc. 57.

9. Badaan was successful in having the trial in the State Case continued from March 18, 2024 to April 15, 2024.

10. In the interim, Badaan filed five motions for protective order to stymie discovery (State Case Docs. 547, 564, 565, 566, 567), and Freedman was required to file four motions to compel (State Case, Docs 536, 544, 546, 555). Badaan's efforts

4

fell short as all five of his motions for protective order were denied, and Freedman prevailed on three motions to compel discovery.

11. In short, both this Court and Judge Farfante have been abundantly clear that the State Case should proceed.

12. The parties have conducted extensive discovery in the State Case, including exchanging over 30,000 documents and conducting more than ten depositions. The parties have appeared before Judge Farfante for more than two dozen hearings. *See id.* ¶¶ 13-14.

13. Judge Farfante has so far heard and decided six dispositive motions, including ruling on four of Freedman's affirmative counts and one of Badaan's affirmative defense. *See id.* ¶¶ 20-21.

14. Badaan has also filed counterclaims against Freedman. Badaan's counterclaims allege that Freedman himself did not account for Big Cat property and that Freedman breached his duty of loyalty to Big Cat by not paying for certain expenses. *Id.* ¶ 23.

15. All of the work the parties have done have culminated in the trial set for today. The State Case has been actively litigated for years before a court that is now familiar with the parties, the evidence, and the claims. The presiding judge in the State Case is in the best position to conduct the trial to determine liability on the remaining counts and damages. As a result, Freedman requests relief from the automatic stay.

## II. DISCUSSION

16. Section 362(d)(1) provides that a court shall grant relief from a stay "for cause." The language of § 362(d)(1) covers a broad set of circumstances. *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006). Whether cause exists to grant stay relief is determined on a case-by-case basis based upon the totality of the circumstances. *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D.Fla. 2001). Equitable considerations, such as balancing prejudice to the debtor against hardship to the moving party, and judicial economy considerations, are relevant in determining whether to lift the stay. *In re Mack,* 347 B.R. at 916.

17. Cause exists to grant Freedman relief from the stay pursuant to 11 U.S.C. §362 based upon the totality of the circumstances of this case. Allowing the trial to proceed against Badaan in the State Case is the best and most efficient use of judicial resources. The issues underlying the State Case have been underway for years, and the state court is in the best position to adjudicate the issues, which are strictly matters of state law. *In re Jimenez*, 2019 WL 10734094, at *5 (Bankr. M.D. Fla. Jan. 14, 2019) ("[I]t is appropriate to modify the stay to allow Ms. Jimenez to proceed with her case in state court.... The state court is familiar with the relevant issues."); *In re Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990) (lifting a stay where a state case was pending for an extended period such that "to begin this litigation anew in this bankruptcy court . . . would certainly result in a waste of judicial resources.").

18. Moreover, even though the automatic stay would prohibit Freedman from moving forward with his affirmative claims, Badaan's claims against Freedman are not subject to the automatic stay. *Monster Energy Co. v. Consol. Distributors, Inc.*, 2013 WL 12153585, at *2 (M.D. Fla. Jan. 30, 2013) ("[A]n automatic stay applies to all proceedings against a debtor; however, no such stay applies to counterclaims asserted by the debtor.").

19. It would be an inefficient use of court resources and risk inconsistent rulings to separately adjudicate Badaan's claims and Freedman's. Separating Freedman's claims from Badaan's will impose hardship on Freedman by requiring two trials in different courts on related issues.

20. Accordingly, Freedman requests that this Court enter an order lifting the automatic stay as to the State Case to allow the state court to determine the entitlement and amount of Freedman's claims against Badaan, and to enter judgment against Badaan should Freedman prevail.

        **SHUMAKER, LOOP & KENDRICK, LLP**

    By: */s/ Jeff Fabian*
        Steven M. Berman, Esq.
        Fla. Bar No. 856290
        sberman@shumaker.com (primary email)
        choffman@shumaker.com (secondary email)
        Jonathan J. Ellis, Esq.
        Fla. Bar No.: 863513
        jellis@shumaker.com
        ccheaney@shumaker.com (secondary email)
        101 E. Kennedy Blvd., Ste. 2800
        Tampa, Florida 33672-0609
        Telephone: (813) 229-7600
        *Attorneys for Creditor Randy Freedman*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2024, I electronically filed the foregoing using the CM/ECF system, which will send electronic filing to all counsel of record. Freedman also certifies that a copy of this motion will be served by U.S. Mail to the Debtor:

**U.S. Mail to Debtor:**

Henry Badaan
3906 W. Platt Street
Tampa, FL  33609.

>                    */s/ Jeff Fabian*
>                    Attorney