**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**HENRY BADAAN**                           Case No. 8:24-bk-2048-RAC
                                                           Chapter 13

**Debtor.**
_____/

**MOTION FOR RECONSIDERATION OF ORDER DENYING
CREDITOR RANDY FREEDMAN'S MOTION (Doc. 6)
FOR RELIEF FROM AUTOMATIC STAY (Doc. 26)**

Creditor, Randy Freedman ("Freedman"), pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001, 9023 and 9024, and other applicable law, respectfully moves the Court to reconsider its order denying Freedman's Emergency Motion for Relief from Stay and Request for Expedited Consideration ("Stay Relief Motion") (Doc. 6). The history of the Debtor's serial misuse of Title 11 to subvert, delay and derail substantial litigation directed at his fraud and diversion of cash from business ventures is well documented in Freedman's Amended Motion for Relief from Stay and Request for Expedited Consideration ("First Bankruptcy Stay Relief Motion") (First Bankruptcy Doc. 16, 19, ) filed in the Debtor's case number 8:24-bk-00197-RAC ("First Bankruptcy) filed to derail state court litigation pending against the Debtor styled as *Freedman v. Badaan*, Case No. 21-CA-5298 (13th Judicial Cir., Hillsborough Cnty.) ("State Case" or "State Court" as applicable), then dismissed and reinstated in an attempt to again derail that same State Case.

After the reinstatement of the First Bankruptcy, the Debtor dismissed that

1

First Bankruptcy allowing the State Case to move forward to trial on the merits. And mere hours before Judge Farfante was set to try the remainder of the State Case on April 15, 2024, the Debtor again went to his old bag of tricks and filed this case which can only be charitably described as his second petition filing, albeit his third run at misusing Title 11 ("Second Bankruptcy"). In the Second Bankruptcy, the undersigned laid bare the abusive filings in both the Stay Relief Motion and the recently filed Motion to Dismiss Chapter 13 Petition ("Motion to Dismiss") (Doc. 28). This Court is well informed on the facts set forth in the filings in the First Bankruptcy and in the Stay Relief Motion.

There are three distinct facts that merit reconsideration. First, what was not revealed by the Debtor to this Court is the reality that the Debtor is wholly ineligible for relief under Chapter 13 as a result of his pre-petition obligations when you take into account the substantial final judgment indebtedness in the amount of $1,447,311.83, adjudicated by the State Court on or about March 7, 2024. The Debtor's noncontingent, liquidated debts are unquestionably **not less than $2,750,000**. Additionally, while the Debtor's Second Bankruptcy triggers the provisions of 11 U.S.C. § 362(c)(3) in that the stay will terminate thirty days following the petition date, more importantly, under section 362(c)(3)(C), the Debtor's Second Bankruptcy was presumptively "filed not in good faith" because there has been no substantial change in the financial position or personal affairs of the Debtor since the dismissal of the next most previous case. Third, pursuant to the provisions of section 362(c)(3)(C)(ii), the stay is inapplicable as to Freedman in that: (1) he previously

2

sought and obtained stay relief by and through his Motion for Relief from Stay (First Bankruptcy Doc. 16, 19) and the Order entered thereon (First Bankruptcy Doc. 28) ("Order") filed and entered in the First Bankruptcy, (2) the Debtor was a debtor on the date of the dismissal of the First Bankruptcy, and (3) this Court had resolved the First Bankruptcy Stay Relief Motion by virtue of this Court's Order (First Bankruptcy Doc. 28).

This Court should reconsider the Stay Relief Motion in this Second Bankruptcy based upon any of, or all three, of the above described bases.

## I.  BACKGROUND

1. In January 2017, Freedman and Badaan started a business together called Big Cat Gear, LLC ("Big Cat") for the purpose of selling decorative firearm grip covers that attach to the handles of firearms. *See* Doc. 6-2 Declaration of Jeff Fabian, Counsel for Freedman in the State Case, at ¶ 4, ("Fabian Decl.").

2. In June 2021, Freedman filed suit against Badaan after discovering that Badaan was selling firearm grips in competition with Big Cat through more than a dozen different business entities, fictitious names, and online seller accounts. ("Competing Businesses"). *Id.* ¶ 5.

3. In the State Case, Freedman asserted seven counts against Badaan and Big Cat, including counts for breach of the duty of loyalty (Count II), usurpation of corporate opportunity (Count III), fraudulent misrepresentation (Count IV), and violation of the wrongful acts doctrine (Count VI). *Id.* ¶ 11 & Ex. A.

3

4. In September 2023, partial summary judgment was entered against Badaan in the State Case in the principal amount of $7,276.00 for Badaan's acts of copyright infringement that resulted in third party claims against Freedman. *See* Exhibit 1, Amended Judgment as to Count VI.

5. On January 16, 2024, the Debtor commenced his First Bankruptcy by filing his voluntary petition commencing case number 8:24-bk-00197-RCT. Freedman filed his First Bankruptcy Stay Relief Motion on January 26, 2024 (Doc. 16) amending it on January 29, 2024 (Doc. 19).

6. On or about February 7, 2024 (Doc. 25), this Court dismissed the Debtor's case and cancelled nearly all hearings. Notwithstanding, and likely because this Court was concerned the Debtor would try to reinstate his case, this Court heard the First Bankruptcy Stay Relief Motion and entered an order granting it on February 13, 2024 (First Bankruptcy Doc. 28). The Debtor then filed an Expedited Motion to Vacate Dismissal on February 21, 2024 (First Bankruptcy Doc. 33, 34) directed at the dismissal of the First Bankruptcy, which this Court granted on February 27, 24 (First Bankruptcy Doc. 35).

7. When the Debtor realized reinstating the First Bankruptcy would not stay the State Court's hearing of the State Case, the Debtor voluntarily dismissed his First Bankruptcy on or about March 13, 2024 (First Bankruptcy Doc. 59) in order to take advantage of the automatic stay by filing the Second Bankruptcy.

8. In between the termination of the First Bankruptcy's automatic stay and the filing of the Second Bankruptcy, and after motion practice by Freedman to

confirm he could move forward in State Court and the Debtor's attempts to block that litigation in the First Bankruptcy (First Bankruptcy Doc. 37, 39, 40, 45, 49, 51, 52, 53 and 57), on March 7, 2024, the State Court entered summary judgment on Counts II and III in the principal amount of $1,447,311.83 for breach of the duty of loyalty and usurpation of corporate opportunity.  *See* Exhibit 2, Judgment as to Counts II & III ("Judgment Lien").

9. Then, the day after the Debtor dismissed his First Bankruptcy on March 13, 2024 (First Bankruptcy Doc. 59), during a March 14, 2024 hearing in State Court, the Debtor argued for a continuance of the trial that was then set for March 18, 2024. The Debtor boldly asserted that a continuance was appropriate in part because with the First Bankruptcy having been dismissed, there was no longer any urgency for the State Court to liquidate Freedman's claims.

10. The Debtor was successful in continuing the State Court trial to Monday, April 15, 2024.  *See id.* Doc. 6-1, Uniform Order Setting Cause for Trial.

11. At 11:50 p.m. on April 14, 2024, the Sunday before trial, even though the automatic stay was inapplicable both pursuant to 11 U.S.C. § 362(c)(3)(C)(i)(III) and (ii), Badaan filed a Suggestion of Bankruptcy, regarding his Second Bankruptcy, in the State Case.



12.    Two days before on April 12, 2024, Badaan filed a motion to disqualify the presiding judge in the State Case. *See id.* at Doc. 19-3, Motion to Disqualify. Badaan's motion to disqualify was the culmination of a month-long campaign lamenting about the state court's rulings.



13.    The presiding judge in the State Case, Judge Farfante, has so far heard and decided six dispositive motions, including ruling on four of Freedman's affirmative counts and nine of Badaan's affirmative defense.

6

14. The State Case has been actively litigated for years before a court that is now familiar with the parties, the evidence, and the claims. The presiding judge in the State Case is in the best position to conduct the trial to determine liability on the remaining counts and damages.

## II. DISCUSSION

15. As for the first basis for reconsideration, Debtor admitted in his First Bankruptcy that his noncontingent, liquidated debts include $1,435,093 in secured debts and $323,794,52 in unsecured debts for a total of $1,758,887.52. (First Bankruptcy Doc. 30)

16. To that $1,758,887.52 indebtedness existing as of the First Bankruptcy filing, notwithstanding that the Debtor claimed the amount owed to Freedman was "unknown," the Debtor also became indebted to Freedman on September 2023, on a partial summary judgment entered against the Debtor in the State Case in the principal amount of $7,276.00. That really brings the prepetition balance due as of the First Bankruptcy, to $1,766,163.52. To that balance existing as of the First Bankruptcy petition date, the Debtor next became indebted to Freedman on March 7, 2024, in the additional amount of $1,447,311.83 in the State Case when it entered summary judgment for breach of the duty of loyalty and usurpation of corporate opportunity. That brings the noncontingent liquidated debts to $3,213,475.35 as of the Second Bankruptcy filing, as of March 7, 2024.

17. Unless the Debtor takes the position that, in between the March 15, 2024 dismissal of the First Bankruptcy and the April 14, 2024 filing of the Second

7

Bankruptcy, he substantially paid down his debt, his noncontingent, liquidated debts are unquestionably not less than $2,750,000.

18. The Debtor filed a petition under Chapter 13 for which he is unquestionably ineligible, simply to again delay the State Court from hearing the State Case.

19. As for the second basis for reconsideration, under section 362(c)(3)(C), the Debtor's Second Bankruptcy was presumptively "filed not in good faith" because there has been no substantial change in the financial position or personal affairs of the Debtor since March 15, 2024 dismissal of the First Bankruptcy and the April 14, 2024 filing of the Second Bankruptcy. While the Debtor has not filed his schedules in the Second Bankruptcy, there is nothing to suggest his financial position or affairs changed substantially in that 30 day intervening period between the First and Second Bankruptcies. The Debtor bears the burden to establish that substantial change in order to rebut the bad faith presumption.

20. Third, pursuant to the provisions of section 362(c)(3)(C)(ii), the stay is inapplicable as to Freedman in that: he previously sought and obtained stay relief by and through his First Bankruptcy Stay Relief Motion, the Debtor was a debtor on the date of the dismissal of the First Bankruptcy, and this Court had resolved the First Bankruptcy Stay Relief Motion by virtue of this Court's Order (First Bankruptcy Doc. 28).

WHEREFORE, Freedman respectfully requests this Court reconsider its

Order Denying Motion for Relief from Stay.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: */s/ Jeff Fabian*
    Jeffrey B. Fabian
    Fla. Bar No.: 85868
    jfabian@shumaker.com (primary email)
    ldyer@shumaker.com (secondary email)
    Steven M. Berman, Esq.
    Fla. Bar No. 856290
    sberman@shumaker.com (primary email)
    choffman@shumaker.com (secondary email)
    Jonathan J. Ellis, Esq.
    Fla. Bar No.: 863513
    jellis@shumaker.com
    ccheaney@shumaker.com (secondary email)
    101 E. Kennedy Blvd., Ste. 2800
    Tampa, Florida 33602
    Telephone:  (813) 229-7600
    *Attorneys for Creditor Randy Freedman*

### CERTIFICATE OF SERVICE

I certify that on April 26, 2024, I electronically filed the foregoing using the CM/ECF system, which will send electronic filing to all counsel of record. Freedman also certifies that a copy of this motion will be served by U.S. Mail to the Debtor:

**U.S. Mail to Debtor:**

Henry Badaan
3906 W. Platt Street
Tampa, FL  33609.

                    */s/ Jeff Fabian*
                    Attorney