**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In Re:                                                                Case No.: 8:24-bk-02048-RCT
                                                                               Chapter 13

HENRY BADAAN
Debtor(s)._____/

**EXPEDITED HEARING REQUESTED PRIOR TO THE EXPIRATION OF THE 30th DAY FROM THE DATE OF FILING, PURSUANT TO 11 U.S.C. 362(c)(3)(B)**

**DEBTOR'S EXPEDITED MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(c)(3)(A), § 11 U.S.C. 362(c)(3)(B) & LOCAL RULE 4001-1**

Debtor HENRY BADAAN, by and through his undersigned Counsel, requests this Honorable Court grant him an Order Extending the Automatic Stay in the instant case as to all creditors, but particularly as to Randy Freeman, Jeffrey B. Fabian, Jonathan J. Ellis, and Shumaker, Loop & Kendrick, LLP, whose reign of terror over the Debtor must not be allowed to continue. Debtor's instant case is founded upon good faith.

**DEBTOR HENRY BADAAN'S PROFFER OF GOOD FAITH IN THE FILING OF THE INSTANT CASE**

1. The Debtor had a prior Chapter 13 bankruptcy that was filed on 1/16/24, Case #8:24-bk-197-RCT.

2. Pursuant to 11 U.S.C. § 362(c)(3)(A), as there was one pending bankruptcy case within the year prior to the filing of this bankruptcy, the Automatic Stay imposed by 11 U.S.C. § 362 shall terminate with respect to the instant Debtor on the 30th day after the filing of the instant case.

3. Under 11 U.S.C. § 362(c)(3)(B), on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the latter case is in good faith as to the creditors to be stayed.

4. Pursuant to Local Rule 4001-1, this instant motion should have been filed within 7 days after the filing of the petition. However, undersigned counsel's poor health episodes during the last 2 weeks prevented him from filing this motion within the 7 day period. Debtor prays that this Court will not let his counsel's poor health work to Debtor's detriment as to this issue.

5. Undersigned counsel requests a hearing date a few days prior to the expiration of the 30 days.

6. In Bankruptcy Case No., 8:24-bk-197-RCT, the Debtor's case was dismissed on March 15, 2024.

7. "The automatic stay is necessary to permit the debtor breathing space so that he may reorganize his affairs, free from the harassment of wage garnishments, foreclosure proceedings and repossessions. *The scope of the automatic stay is necessarily broad* so that debtors may reorganize their affairs in an orderly and equitable fashion." In re Briskey, 258 B.R. 473, 477 Bankr. M.D. Ala. 2001); see also Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi), 764 F.3d 1168, 1173 (9th Cir. 2014) (quoting Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993)) (*recognizing that the automatic stay "is designed to effect an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or nonjudicial, in non-bankruptcy fora against the debtor or affecting the property of the estate."*

8. On January 16, 2024, a suggestion of bankruptcy was filed in the State Court Case, prior to the hearing for Fabian's relief motion scheduled for February 8, 2024. A quick perusal of the state court docket [SEE EXHIBIT A] reveals the occurrence of the following events:

| 517 | 02/06/2024 | NOTICE OF CONTINUATION OF PRE-TRIAL CONFERENCE, |
|---|---|---|
| 516 | 02/02/2024 | NOTICE OF CANCELLING HEARING |
| 515 | 01/26/2024 | NOTICE OF HEARING |
| 514 | 01/26/2024 | RESPONSE IN OPPOSITION TO |
| 513 | 01/22/2024 | ORDER GRANTING |
| 512 | 01/19/2024 | MOTION TO WITHDRAW |
| 511 | 01/19/2024 | NOTICE OF WITHDRAWAL |
| 510 | 01/18/2024 | MOTION TO STRIKE |
| 509 | 01/16/2024 | SUGGESTION OF BANKRUPTCY |

9. The violations by Creditor/Plaintiff RANDY FREEDMAN and his attorneys are clear and undeniable. Debtor asks the court to take judicial notice of these docketed events pursuant to Fed. R. Evid. 201(b), which are reliable records from a state court case where Creditor RANDY FREEDMAN is a party opponent with notice, and thus would be an exception if creditor stooped so low as to try to argue hearsay as to any of these records. Further, Creditor RANDY FREEDMAN must be held to a higher standard as the violations were committed by a partner at a Shumaker, Loop & Kendrick, LLP.

10. The question then becomes, "How was it possible that this Court grant relief to a party who had already committed these violations?"

11. The answer to that question is rooted in the misfeasance and malfeasance of the Weller Legal Group, PA (hereinafter, "Weller"), Debtor's former bankruptcy counsel.

12. Indeed, to this day, undersigned counsel received an email from a Weller attorney within the last 2 weeks in which the Weller attorney reiterated the Weller position that "no case law" existed or exists which would have supported the argument that Creditor RANDY FREEDMAN was ***not*** entitled to relief from the automatic stay in the previous case, a position that is patently preposterous.

13. It seems unfathomable that Mr. Badaan could be harmed so unjustly, not only by an unduly aggressive creditor, but by his own former bankruptcy counsel!

14. There is zero doubt that the Debtor was severely harmed in his former bankruptcy case. Even worse, the state court case has continued and continues to harm the debtor to this day. In the State Court Case, every single ruling made since the filing of the Suggestion of Bankruptcy has gone against the debtor. Unbelievably, there have been at least 8 Orders on docket in the state court case since the filing of the Suggestion of Bankruptcy, and not one of those Orders finds for Mr. Badaan!

15. All appearances indicate that the state court judge has been prejudiced against the Debtor, primarily by the blitzkrieg tactics of Attorney Fabian.

16. Debtor's undersigned counsel is evaluating all of the above and will be taking collateral action on behalf of the Debtor for Weller's transgressions which have put Debtor in this terrible situation.

17. A Notice of Removal will be filed this week. Debtor has suffered enough. As such, Debtor contends that the record is sufficient for the Court to rule on these papers that Creditor RANDY FREEDMAN and his attorneys at Shumaker, Loop & Kendrick, LLP, have wantonly violated the Automatic Stay and that all state court actions following the initial violation be rendered *void ab nitio*.

18. Undersigned counsel joins with Debtor in requesting that this Court put an end to the miscarriage of justice propounded against him by Creditor RANDY FREEDMAN and his attorneys.

Accordingly, the Debtor requests this Honorable Court grant him an Order Extending the Automatic Stay in the instant case as to all creditors, but particularly as to Randy Freeman, Jeffrey B. Fabian, Jonathan J. Ellis, and Shumaker, Loop & Kendrick, LLP, and seeks a ruling that Creditor Randy Freeman and Shumaker, Loop & Kendrick, LLP have violated the Automatic Stay as a matter of law, and for any additional relief this court deems just and proper.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all creditors listed in the Creditors' Matrix by regular first-class U. S. Mail, and electronically upon all parties registered with the CM/ECF system, on this 2nd day of May, 2024.

                       Respectfully submitted,
                       Eugene P. Castagliuolo, Esquire Florida Bar No. 104360
                       Post Office Box 16301
                       Tampa, FL 33687-6301
                       (727) 712-3333
                       Eugene@TampaConsumerLawyer.com
                       /s/ Eugene P. Castagliuolo