**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:  Case No. 8:24-bk-02048-RCT
 Chapter 13
HENRY BADAAN

Debtor(s)[1]
_____/

**TRUSTEE'S MOTION TO EXAMINE FEES**

> A preliminary hearing in this case will be held on July 17, 2024 at 10:00 a.m. before the honorable Roberta A. Colton, United States Bankruptcy Judge.
>
> All parties may attend the hearing in person. Parties are directed to consult the Procedures Governing Court Appearances regarding the Court's policies and procedures for attendance at hearings by Zoom, available at https://www.flmb.uscourts.gov/judges/colton.

Pursuant to decretal 8 of this Court's Order Granting Creditor's Motion to Dismiss Chapter 13 Petition (the "Dismissal Order") [Doc. 56], the Chapter 13 Trustee (the "Trustee") moves this Court for an examination of the reasonableness of attorney's fees collected in connection with this Chapter 13 case (the "Chapter 13 Case") by Eugene Castagliulolo, P.A., ("Debtor's Counsel") and for disgorgement of any fees determined by this Court to be excessive. In support thereof, the Trustee states as follows:

1. On April 14, 2024, Henry Badaan (the "Debtor") initiated this Chapter 13 Case with the filing of a "slip" petition. [Doc. 1].

2. On April 26. 2024, creditor Randy Freedman (the "Creditor") filed a motion to dismiss this Chapter 13 Case on the basis that the Debtor exceeded the Chapter 13 debt limits set forth in Bankruptcy Code[2] §109(e) (the "Debt Limitation Motion"). [Doc. 29].

---
[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.
[2] All reference to "Bankruptcy Code" refers to Title 11 of the United States Code.

3. On April 28, 2024, the Debtor filed their Schedules A-J, Summary of Assets, Statement of Financial Affairs, Statement of Monthly Income and Calculation of Disposable Income. The Statement of Financial Affairs indicates that the Debtor paid Debtor's Counsel $5,000 in connection with representation in the Chapter 13 Case. These documents were signed by the Debtor under penalty of perjury as true and correct. [Doc. 31].

4. On April 28, 2024, Debtor's Counsel certified and signed a Disclosure of Compensation of Attorney for Debtor(s) disclosing that he had accepted and had received $5,000 for general representation in the Debtor's bankruptcy case as what appears to be a flat fee. [Doc. 31].

5. On May 29, 2024, this Court heard the Creditor's Debt Limitation Motion, found that the Debtor exceeded the Chapter 13 debt limits set forth in Bankruptcy Code §109(e), and dismissed the Chapter 13 Case with leave to convert the case to a chapter for which the Debtor is eligible. On May 31, 2024, the Dismissal Order was entered to this effect.

6. On June 3, 2024, the Debtor filed an Emergency Motion to Reinstate Case, in addition to Fire Attorney (the "Pro Se Motion") [Doc. 61]. In the Pro Se Motion, the Debtor makes allegations regarding competency of counsel and discusses a $5,000 and $50,000 cash payment made by the Debtor to Debtor's counsel in connection with representation in the Chapter 13 Case as well as collateral state court matter(s).

7. The exhibit attached to the Pro Se Motion contains a series of purported emails between the Debtor and Debtor's Counsel. If true and accurate representations of these communications, the emails appear to reference unfiled amended Schedules which would have evidenced ineligibility for Chapter 13, the possibility that Debtor or Debtor's Counsel utilized the

services of Robert Pereda[3] in connection with the Chapter 13 Case, and allegations from Debtor's Counsel that in excess of $90,000 is due from Debtor to Debtor's Counsel.

    8.    It cannot be gainsaid that:

        a. the Statement of Financial Affairs did not reference a $50,000 payment made by Debtor to Debtor's Counsel within the year preceding the filing of the Chapter 13 Case, as would have been required in Part 7 Section 17 of the Statement of Financial Affairs which provides: *"Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors;"*

        b. If a $50,000 payment was made, Debtor and Debtor's Counsel were required to ensure that the alleged $50,000 payment was listed in that section;

        c. If the emails reflect a true communication, the Schedules omitted creditors to be listed and served notice of the Chapter 13 Case and Debtor's Counsel counseled against inclusion of creditors;

        d. The Schedules do not list an obligation owed to Debtor's Counsel for any work done in any previous case or in any state court matter;

        e. The Trustee was unable to conduct a 341 Creditor Meeting due to the failure of the Debtor (or Debtor's Counsel) to provide required documents in advance of the scheduled meeting; and

---

[3] Robert Pereda is employed or was employed by Weller Legal Group PA, but appears to have been sent a forwarded email from the Debtor in connection to the present case. Mr. Pereda is reported by the Florida Bar to have received a revocation of his license to practice law on September 8, 2022. <u>In re: Petition for Disciplinary Revocation of Robert Pereda</u>, Case No. SC22-896 (Fla. September 8, 2022). It is unclear whether the Debtor in Paragraph 14 in the Pro Se Motion is referring to Mr. Pereda when referring to the "Paralegal."

      f. Only two hearings were ever held in this Chapter 13 Case; although Debtor's Counsel was successful at obtaining a ruling against emergency stay relief at the first hearing, Debtor's Counsel was unsuccessful in opposing the Debt Limitation Motion.

9. Based upon the foregoing, it is unclear that Debtor's Counsel earned $5,000 in connection with the representation of the Debtor in the Chapter 13 Case. Further, it is unclear for what purpose and when $50,000 was paid by the Debtor to Debtor's Counsel. Regardless of purpose, it should have been disclosed in the Statement of Financial Affairs. To the extent Debtor's Counsel sought to serve as special counsel for the Debtor for any purpose, an application must be filed under applicable bankruptcy law, as well as motions or applications to approve fees paid to special counsel.

10. This Court's examination of all financial dealings between Debtor and Debtor's Counsel appears appropriate under the circumstances, as the Pro Se Motion and its attachments appear to belie sworn or certified statements made in the Schedules, Statement of Financial Affairs, and Disclosure of Compensation.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished, electronically by CM/ECF and/or by U.S. Mail, to HENRY BADAAN, 3906 W. Platt St., Tampa, FL 33609-3943; EUGENE P. CASTAGLIUOLO, Post Office Box 16301, Tampa, FL 33687-6301; U.S. TRUSTEE, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, this 11th day of June, 2024.

                          /s/ Lydia M. Gazda, Esquire  
                          LYDIA M. GAZDA, ESQUIRE  
                          Post Office Box 89948  
                          Tampa, Florida 33689-0416  
                          Phone (813) 658-1165  
                          Facsimile (813) 658-1166  
                          Florida Bar No. 0071842  
                          Attorney for the Trustee

KR/jn