ORDERED.

Dated:  June 12, 2024

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Henry Badaan,                                              Case No. 8:24-bk-02048-RCT
                                                                         Chapter 13

      Debtor(s).
_____/

**ORDER DENYING EMERGENCY MOTION TO
AMEND ORDER (DOC. 52) FILED MAY 30, 2024**

      **THIS CASE** is considered, without a hearing, upon the Debtor's *Emergency Motion to Amend Order (Doc. 52) Filed May 30, 2024* (Doc. 54) (the "Motion").  Having reviewed the Motion, together with the record, the Court finds that the Motion must be denied.

      Motions for reconsideration are governed by Federal Rule of Bankruptcy Procedure 9023 ("Bankruptcy Rule 9023"), which makes applicable Rule 59 of the Federal Rules of Civil Procedure ("Rule 59"). Relief under Rule 59 is limited to the following circumstances: "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice."[1]  Rule 59 may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[2] Furthermore,

---

[1] *Woide v. Fed. Nat'l Mortg. Ass'n (In re Woide)*, No. 6:16–cv–1484–Orl–37, 2017 WL 549160, at *1 (M.D. Fla. Feb. 9, 2017), *aff'd*, 730 F. App'x 731 (11th Cir. 2018).
[2] *Id.* (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

"reconsideration of a previous order is an extraordinary remedy to be employed sparingly."[3]

The Motion makes no mention of a change in controlling law, nor asserts any newly discovered evidence, nor claims error or manifest injustice. In fact, the Motion makes no mention whatsoever of the governing standard under Rule 59[4] nor references Bankruptcy Rule 9023. Simply for failing to address the governing standard, the Motion should be denied. But here there is more.

The Motion seeks additional time within which to hire a new attorney so that Debtor might convert this Chapter 13 case and states that it is directed at the Court's Order dated May 30, 2024, in which the Court conditionally granted Debtor's motion to extend the automatic stay (Doc. 52) (the "Order"). To the extent that Debtor really seeks additional time to convert this case, the Motion is misdirected to the Order. Rather, the Motion is properly directed toward the Order Granting Creditor's Motion to Dismiss Chapter 13 Petition (Doc. 56) (the "Dismissal Order"). It is in the Dismissal Order that the Court determined that Debtor was not eligible to proceed in Chapter 13 as he exceeded the debt limit set forth in 11 U.S.C. § 109(e) and that provided Debtor fourteen days to convert this case to another chapter of Bankruptcy Code[5] for which Debtor is eligible, absent which the case would stand as dismissed.

But even if considered as directed to the Dismissal Order, the Motion simply lack merit. First, an attorney is not necessary to convert a case, nor for that matter, for a debtor to continue in a converted case. Individual debtors proceed *pro se* before this Court all the time. Second, assuming an attorney were needed, Debtor is currently represented in this case. Nothing prevents current counsel from assisting Debtor to file an appropriate notice indicating Debtor's intent to convert the case, even if counsel feels he is unqualified to represent Debtor in a case under the new chapter, unless, of course, current counsel had concerns that Debtor sought

---

[3] *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).
[4] Nor is Rule 60 invoked. Rule 60, which is made applicable by Federal Rule of Bankruptcy Procedure 9024, provides additional authority under which a Court might reconsider or vacate a prior order.
[5] 11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code").

conversion in bad faith. Debtor's desire to hire new counsel is immaterial; the issue of conversion and retention of new counsel are separate matters.

For these reasons, the Motion (Doc. 54) is **DENIED**.

Attorney Eugene P. Castagliuolo is directed to serve a copy of this order on any interested parties who do not receive service via CM/ECF and file a proof of service within three days of entry of this order.