ORDERED.

Dated: June 12, 2024

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Henry Badaan,   Case No. 8:24-bk-02048-RCT
   Chapter 13

     Debtor(s).
_____/

**ORDER ON MOTION COMBINING**
**REQUESTS FOR TWO OR MORE FORMS OF RELIEF**

**THIS CASE** is considered, without a hearing, upon a document entitled *Emergency Motion to Fire Attorney & Immediately Re-Open and Reinstate Bankruptcy Case #8:24-bk-197-RCT* (Doc. 61) (the "Motion"), filed by Debtor Henry Badaan *pro se*. The Court has reviewed the Motion and notes that Debtor impermissibly combines requests for two or more separate and distinct forms of relief. Such joinder is not permitted by the rules. Rule 7018 of the Federal Rules of Bankruptcy Procedure ("Rule(s)"), which allows the joinder of all claims against a party, is not applicable to contested matters. Rule 9014(b). Further, Local Rule 9013-1(a) provides that a motion may request only one form of relief "unless the request seeks alternative forms of relief under the same provision of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure." Accordingly, the Court enters this Order.

In the Motion, Debtor appears to seek three different forms of relief. First, Debtor desires to "fire" his attorney Eugene P Castagliuolo, whom the Court notes had several days

prior to the filing of the Motion sought to withdraw as Debtor's counsel.[1] Second, Debtor seeks to renew a request for declaratory relief regarding alleged violations of the automatic stay that occurred in Debtor's prior Chapter 13 case.[2] Third, and perhaps only in the alternative,[3] Debtor seeks to reopen and reinstate his prior Chapter 13 case. Each of these forms of relief arises under a different provision of the Bankruptcy Code[4] or Rules. For that matter, each seeks relief as against differing parties. In short, the jointer attempted here is simply inappropriate.

However, recognizing Debtor filed the Motion *pro se*, the Court will grant limited relief insofar as the Court will consider the Motion as a consent to Mr. Castagliuolo's withdrawal. The other requests will be struck without prejudice to refiling as separate motions. Should Debtor wish to refile a motion to reopen and reinstate his prior Chapter 13 case, he is advised that such a motion must be filed in the prior Chapter 13 case. Accordingly, it is

**ORDERED:**

1. The request that Eugene P Castagliuolo, Esq., be relieved of his representation of Debtor is this case is deemed a consent to Mr. Castagliuolo's Amended Motion for Leave to Withdraw as Counsel (Doc. 58). Mr. Castagliuolo is therefore authorized to submit a proposed order granting his motion without need for further delay.

2. The requests for (a) declaratory relief regarding alleged violations of the automatic stay and (b) to reopen and reinstate his prior Chapter 13 case are hereby **STRICKEN** without prejudice to refiling as separate motions.

Clerk's Office to serve Debtor by first class mail with a courtesy copy by email. All other interested parties will receive service by CM/ECF.

---

[1] Doc. 58.
[2] *In re Badaan*, Case No. 8:24-bk-00197-RCT (Bankr. M.D. Fla. filed Jan. 16, 2024).
[3] The Motion's title suggests the relief is not sought in the alternative; however, the ad damnum clause states the relief is in the alternative.
[4] 11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code").